IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| BAKER CONCRETE CONSTRUCTION, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>SAVANNAH RIVER NUCLEAR SOLUTIONS, LLC,<br><br>    Defendant. | CIVIL ACTION NO.: 1:13-cv-01545-JMC<br><br>**CLAWBACK AGREEMENT, CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

## I. CLAWBACK AGREEMENT

### Background and Definitions

The above-named Plaintiff and Defendant (collectively "the parties" and individually "party") represented by the attorneys signing this agreement are exchanging electronically stored information ("ESI") and documents in paper form. The exchange of ESI and documents ("Discovery Materials") is required or desirable because of discovery disclosures and requests in litigation involving the parties. This Clawback Agreement ("Agreement") applies to all discovery, whether produced as ESI, in paper form, or other formats.

In this Agreement:

"Document" means any material, either tangible or in electronic format, which was exchanged during the course of this proceeding.

"Privilege" means and includes both any privilege, for example the attorney-client privilege, and also trade secret protection and work product protection.

"Inadvertent production" means production that has not been done with an intentional and knowing relinquishment of the claim of privilege.

Each party is attempting to identify and withhold from production any document which that party believes is privileged. The nature and amount of items being exchanged, and the numbers of persons who might be involved in the process of searching, preserving, and exchanging documents, create a problem of inadvertent production. There is a real possibility that the party producing Discovery Materials ("producing party") may inadvertently produce privileged material to the party requesting Discovery Materials ("requesting party").

**AGREEMENT**

The parties agree that:

Production of any document that, prior to production, was subject to any applicable privilege shall not constitute a waiver of the privilege, provided that the parties comply with the provisions of this Agreement.

<u>Producing Party</u>

Upon learning that an inadvertent production has occurred, the producing party shall notify the requesting party that the document was inadvertently produced and should have been withheld as privileged. The notice shall identify the document, the portions of the document that were inadvertently produced, and the first known date the document was produced. If the party that produced a document claims that only a portion of the document was inadvertently produced, the party shall provide with the notice of inadvertent production a new copy of the document with the allegedly privileged portions redacted.

Requesting Party

The requesting party is under a good faith obligation to promptly alert the producing party if a document appears on its face or in light of facts known to the requesting party to be privileged.

Upon receipt of the notice of inadvertent production, the requesting party promptly should secure the specified document, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information. If the requesting party chooses not to contest the assertion of privilege, the requesting party shall promptly return the specified document to the producing party, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information.

By complying with its obligation to secure the specified document, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information, the requesting party does not waive any right it has to challenge the assertion of privilege, or to request an order of the Court denying such privilege and ordering the producing party to return the disputed document to the requesting party.

In the event the requesting party disputes the assertion of privilege, the parties shall meet and confer and the requesting party shall either: (a) return the material to the producing party; or (b) present the information to the Court for an in camera inspection or under seal for a determination as to whether the material is protected from disclosure.

Thereafter the requesting party shall make no direct use of the document or its contents, unless:

(1) The Court declares that the privilege has been waived or the material is not privileged;

(2) The parties agree to the use of the document or material; or

(3) The document or its contents are obtained by other means, including, but not limited to, other investigation, other discovery process, or a court order.

<u>The parties hereby agree that "Confidential Materials," as defined below, may be filed under seal with the Court pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC.</u>

## II. <u>PROTECTIVE ORDER</u>

This matter is before the Court for a Protective Order limiting dissemination of certain confidential documents of the parties, their members, and subtiers. Both parties have served requests for production which call for documents and ESI which the parties agree should be disseminated solely as set forth below and herein. It appears to the Court that the parties, through their respective counsel, consent to this Protective Order ("Order").

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The parties may produce, formally or informally, Discovery Materials that contain proprietary, confidential or other business-sensitive information ("Confidential Materials") and which may therefore be entitled to protection from dissemination.

2. All Discovery Materials exchanged between the Parties shall be considered Confidential Materials and the dissemination of such materials shall be limited as provided herein.

3. Copies, extracts, summaries, notes, and other derivatives of Discovery Materials also shall be deemed Confidential Materials and shall be subject to the provisions of this Order.

4. Discovery Materials produced in the litigation shall be disseminated only to: the parties, their members and subtiers and their respective counsel and support staff; court

personnel; court reporters transcribing a deposition, hearing or other court proceeding; experts retained in connection with the above-captioned litigation; and, potential witnesses and their counsel; as long as each signs a Consent Form (Exhibit A) agreeing to the terms and conditions of this Clawback Agreement, Confidentiality Stipulation and Protective Order.

5. Depositions or portions thereof upon oral or written questions may be classified as Confidential Materials either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Material shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential Materials.

6. Discovery Materials may be used for no purposes other than the prosecution or defense of this action.

7. No Discovery Materials shall be divulged by the parties or their counsel to anyone other than as set forth herein without the written permission of the opposing party or by order of the Court.

8. All such persons to whom Discovery Materials are disclosed, including fact and expert witnesses, shall be given a copy of this Order and shall be bound by its terms, except for purposes of trial, and shall sign a Consent Form (see Exhibit A) agreeing to its terms and conditions.

9. Parties may use Discovery Materials during depositions provided that any depositions in which Discovery Materials are utilized shall be subject to the terms of this Agreement.

10. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Discovery Materials.

11. The parties hereto have agreed that "Confidential Materials" may be filed under seal with the Court. Accordingly, in the event a party seeks to rely on any document that is subject to protection under this Agreement and Order in any matter filed with the Court, that party shall take appropriate action to insure that the Confidential Materials receive the maximum protection from public disclosure by seeking permission to file the Confidential Materials under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC. Nothing in this Agreement and Order, however, shall be construed as a prior directive of the Court to the clerk of court requiring that any document be filed under seal. The parties understand that Confidential Materials may be filed under seal only with the permission of the Court after proper motion pursuant to Local Civil Rule 5.03.

12. Use of Confidential Materials at trial shall be addressed at, or prior to the pretrial conference.

13. At the conclusion of this action, pursuant to agreement between the parties, counsel for the parties shall either return or destroy all of the Discovery Materials subject to this Order and all copies thereof, produced by the respective parties.

14. Nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Discovery Materials, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

IT IS SO ORDERED THIS 28th day of October, 2013.

                                                  s/J. Michelle Childs
                                          J. Michelle Childs, District Judge
                                          300 East Washington Street
                                          Greenville, SC 29601

**SIGNATURES ON FOLLOWING PAGE**

**WE CONSENT:**

_s/J. Calhoun Watson_____
*Signature of Plaintiff's Counsel*

J. Calhoun Watson
Fed. I.D. No.: 4794
cwatson@sowellgray.com
Sowell Gray Stepp & Laffitte, L.L.C
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400 Telephone
(803) 929-0300 Facsimile

and

James E. Moye
Florida State Bar No. 810356
Email: jmoye@moopd.com
Stephen W. Pickert
Florida State Bar No. 329045
Email: swpickert@moopd.com
Brian P. Heald
Florida State Bar No. 241880
Email: bheald@moopd.com
Moye, O'Brien, O'Rourke, Pickert & Dillon, LLP
800 South Orlando Avenue
Maitland, FL 32751
(407) 622-5250 Telephone
(407) 622-5440 Facsimile
*(Admitted Pro Hac Vice)*

**Counsel for:**
**Baker Concrete Construction, Inc.**

*Dated: October 28, 2013*

**WE CONSENT:**

_s/N. Ward Lambert_____
*Signature of Defendant's Counsel*

N. Ward Lambert, Esq.
Fed. I.D. No.: 015095
wlambert@hlblegal.com
Harper, Lambert & Brown, P.A.
420 East Park Avenue, Suite 220 (29601)
Post Office Box 908
Greenville, South Carolina 29602
(864) 235-5535 Telephone
(864) 235-6866 Facsimile

and

John S. Pachter
Virginia State Bar No.: 00425
Email: jpachter@smithpachter.com
Mark E. Hanson
Virginia State Bar No.: 27924
Email: mhanson@smithpachter.com
SMITH PACHTER McWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, VA 22182
(703) 847-6300 Telephone
(703) 847-6312 Facsimile
*(Admitted Pro Hac Vice)*

**Counsel for:**
**Savannah River Nuclear Solutions, LLC**

*Dated: October 28, 2013*